IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFERY ALLEN SHOEMAKER, #104383:

    Plaintiff, :

vs. : CIVIL ACTION 14-0265-WS-M

GLOVER W. SMITH, *et al.*, :

    Defendants. :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Okaloosa Correctional Institution inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*,[1] was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. During the screening of the Complaint, the Court discovered that this action is subject to provisions of 28 U.S.C. § 1915(g). Accordingly, it is recommended that this action be dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Section 1915(g) provides:

> In no event shall a prisoner bring
> a civil action or appeal a judgment in
> a civil action or proceeding under this

---

[1] By separate order, the Court is rescinding its prior Order granting Plaintiff leave to proceed *in forma pauperis*, which required that a partial filing fee of $1.67 be paid. (Doc. 11).

> section [28 U.S.C. § 1915] if the
> prisoner has, on 3 or more prior
> occasions, while incarcerated or
> detained in any facility, brought an
> action or appeal in a court of the
> United States that was dismissed on the
> grounds that it is frivolous,
> malicious, or fails to state a claim
> upon which relief may be granted,
> unless the prisoner is under imminent
> danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

After reviewing the records for the United States District Courts in Florida, the Court discovered that Plaintiff has at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Shoemaker v. Elliott,* CA 2:04-00021-JES-DNF (M.D. Fla. July 29, 2004) (§ 1915 frivolous dismissal), *appeal dismissed as frivolous* (11th Cir. June 13, 2005); *Shoemaker v. Singletary,* CA 2:98-00491-JED-DNF (M.D. Fla. June 30, 1999),

2

*appeal dismissed as frivolous* (11th Cir. Mar. 9, 2000). Thus, Plaintiff has "three strikes," which brings the present action within the scope of 28 U.S.C. § 1915(g). *See Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997) ("A frivolous complaint . . . followed by a frivolous appeal leads to two 'strikes' under 28 U.S.C. § 1915(g)."); *Adepegba v. Hammons,* 103 F.3d 383, 388(5th Cir. 1996)(finding that the district court's frivolous dismissal and its appeal that was dismissed as frivolous count as two strikes); *Hood v. Vessel,* CA 13-303-JJB-SCR, 2013 WL 6502835, at *1 (N.D. Fla. Dec. 11, 2013) (unpublished) ("the frivolous appeal of a lower court's dismissal as frivolous counts twice").

In order to avoid the dismissal of the present action under § 1915(g), Plaintiff must satisfy its exception, which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing. *See Adbul-Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under

3

section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing the Complaint's allegations (Doc. 1), the Court does not discern a claim showing that Plaintiff was "under imminent danger of serious physical injury" at the time he filed his Complaint on June 10, 2014. The incident of which Plaintiff complains occurred on June 21, 2013. (Doc. 1 at 5). On that date, while Plaintiff walking along the highway, he was "shot" four times with a taser, which resulted in him having metal objects from the tasing taken out at Atmore Community Hospital. (*Id.* at 6). Subsequently, Plaintiff was transferred to the Brewton Jail, from which he bonded out. (*Id.* at 7).

Plaintiff named two Defendants, Officer Yoder and Sheriff Smith. (*Id.* at 11). Defendant Yoder is sued for falsely arresting Plaintiff and for tasing him without probable cause on June 21, 2013, and for conducting an inaccurate booking procedure on June 23, 2013. (*Id.* at 7, 11). Defendant Smith is being sued for Defendant Yoder's falsely arresting Plaintiff and for having and inadequate procedure with respect to arrest, booking, and fingerprints. (*Id.* at 11).

4

In order to satisfy the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade, C.J.). Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed. *Id*. at *2.

Absent from the present Complaint is an allegation that Plaintiff was "under imminent danger of serious physical injury" at the time the Complaint was filed. (Doc. 1). That is, Plaintiff complains about events that occurred in June, 2013, almost an entire year before he filed his Complaint. Thus, Plaintiff's allegations do not support a finding of imminent harm, nor do they demonstrate an ongoing harm.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. *Dupree*, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when

5

an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 14th day of July, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
