# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY ALLEN SHOEMAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 14-0265-WS-M |
| GLOVER W. SMITH, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Report and Recommendation (doc. 12) entered by the Magistrate Judge, and plaintiff's Objections (doc. 16) to same.

**I.    Background.**

Plaintiff, Jeffery Allen Shoemaker, is a Florida state prisoner who brought this § 1983 action complaining of, *inter alia*, alleged constitutional violations in connection with an incident on June 21, 2013, in which he was tased by law enforcement officers in Atmore, Alabama. Shoemaker is proceeding *pro se* and has requested *in forma pauperis* status.

On July 14, 2014, Magistrate Judge Milling entered a Report and Recommendation (doc. 12) recommending that this action be dismissed pursuant to the three-strikes provisions of 28 U.S.C. § 1915(g). In particular, the Report and Recommendation documented the following prior actions or appeals by Shoemaker that were dismissed as frivolous: (i) *Shoemaker v. Elliott*, Civil Action 2:04-00021-JES-DNF (M.D. Fla. July 29, 2004) (dismissal as frivolous under § 1915); (ii) *Shoemaker v. Elliott*, No. 04-14385-I (11th Cir. June 13, 2005) (dismissal of appeal as frivolous under § 1915); and (iii) *Shoemaker v. Moore*, No. 99-12321-H (11th Cir. Mar. 9, 2000) (dismissal of appeal as frivolous under § 1915). Based on these three prior dismissals, the Magistrate Judge found that § 1915(g) applies to Shoemaker's present Complaint. The Report and Recommendation specifically examined the "imminent danger of serious physical injury" exception to the three-strikes rule, and deemed it inapplicable. On that basis, the Report and

Recommendation concluded that this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Shoemaker now objects to that Report and Recommendation.

**II.     Analysis.**

In relevant part, § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). "Congress added § 1915(g) to curtail abusive prisoner litigation." *Lloyd v. Benton*, 686 F.3d 1225, 1227 (11th Cir. 2012) (citation and internal quotation marks omitted). As noted, the Report and Recommendation made a specific finding that Shoemaker's present lawsuit is subject to the restrictions of § 1915(g) because he has previously incurred "three strikes" within the meaning of that section.

In his Objections, Shoemaker disputes the Magistrate Judge's determination that he has received three strikes in prior litigation, and posits that § 1915(g) is inapplicable because he has accrued only one strike. This Court reviews the challenged portions of the Report and Recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Rule 72(b)(3), Fed.R.Civ.P. ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

Upon *de novo* review, the Court readily concludes that the Report and Recommendation's findings as to the § 1915(g) issue are correct. Court records confirm that in late 1999, Shoemaker appealed to the Eleventh Circuit from the dismissal of a *pro se* prisoner lawsuit he had filed in the U.S. District Court for the Middle District of Florida, styled *Jeffrey Shoemaker v. Officer D. Delong, et al.*, Case No. 2:98-cv-00491-JES-DNF.[1] On March 9, 2000, the Eleventh Circuit dismissed Shoemaker's appeal as follows: "[A]ppellant's motion for leave to proceed on appeal is DENIED and the appeal is DISMISSED because it is frivolous."

---

[1]     The district judge dismissed this lawsuit for the stated reason that "Plaintiff Shoemaker has not provided sufficient information for service on Defendants" and had failed to provide the U.S. Marshal's Service with necessary addresses for service of process.

*Shoemaker v. Moore*, No. 99-12321-H (11th Cir. Mar. 9, 2000). Under any reasonable reading of the Eleventh Circuit's ruling, Shoemaker's appeal in that case "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and therefore falls well within the scope of § 1915(g). This was strike one.[2]

Court records further establish that in 2004, Shoemaker, while still a *pro se* prisoner, filed another lawsuit against a U.S. Supreme Court law clerk named Sandy Elliott, alleging that she had violated his constitutional rights in processing his petition for writ of certiorari. This action was styled *Jeffery Allen Shoemaker v. Sandy Elliott*, and was filed in the Middle District of Florida as Case No. 2:04-cv-00021-JES-DNF. On July 29, 2004, the District Court entered an Order of Dismissal with Prejudice in that case, dismissing the lawsuit under § 1915(e) as lacking arguable merit in either law or fact. That Order concluded that "Plaintiff's action is ***'completely without a legal basis'*** as to defendant law clerk, and is due to be dismissed." *Shoemaker v. Elliott*, Case No. 2:04-cv-00021-JES-DNF (M.D. Fla. July 29, 2004) (emphasis added). The plain text of this ruling establishes that Shoemaker's case "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," placing it firmly within the purview of § 1915(g). This was strike two.[3]

Shoemaker appealed from the adverse ruling in the *Elliott* matter. The Eleventh Circuit dismissed his appeal and made an express finding of frivolity, as follows: "[A]ppellant's motion for leave to proceed on appeal is DENIED and his appeal is DISMISSED because it is

---

[2] In contesting whether this dismissal constitutes a strike, Shoemaker points to docket text prepared by the Middle District of Florida Clerk's Office and stating, "USCA ORDER that appellants' [*sic*] motion for leave to proceed on appeal is denied and the appeal is dismissed." (Doc. 16, at 12.) It is true that this docket text does not use the term "frivolous." It is also true, however, that the Eleventh Circuit's ruling specifically made a frivolity finding. That written order, rather than a summary prepared by the district court clerk's office, controls for purposes of a § 1915(g) assessment.

[3] Once again, in disputing whether this dismissal qualifies as a strike, Shoemaker endeavors to shift the focus from the terms of the dismissal order itself, to the docket text, which merely says, "ORDER dismissing case with prejudice as barred by absolute immunity." (Doc. 16, at 14.) The absence of magic words or talismanic phrases in the docket text does not undercut or erase the district judge's specific finding that dismissal was warranted because Shoemaker's lawsuit was "completely without a legal basis," which is for all practical purposes a frivolity determination.

frivolous." *Shoemaker v. Elliott*, No. 04-14385-I (11th Cir. June 13, 2005). This language leaves no ambiguity that Shoemaker's appeal "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," such that it qualifies as a strike under § 1915(g). This was strike three.[4]

For the foregoing reasons, the Court makes a *de novo* determination that Shoemaker had in fact accrued three strikes before filing the instant lawsuit as a Florida state prisoner. Under the clear terms of § 1915(g), then, he was barred from proceeding under § 1915 in this case "unless the prisoner is under imminent danger of serious physical injury." § 1915(g). The Magistrate Judge reasonably concluded that the "imminent danger" exception did not apply here, and Shoemaker has not challenged that aspect of the Report and Recommendation. Because § 1915(g) applies, Shoemaker was obligated to prepay the entire filing fee at the outset of this civil action. *See, e.g., Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit"); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("[T]he 'three strikes' provision … requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals.") (citation omitted). He did not do so; therefore, this action is properly dismissed without prejudice, just as the Report and Recommendation recommended.

**III. Conclusion.**

For all of the foregoing reasons, Shoemaker's Objections (doc. 16) are **overruled** in their entirety. After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection was made, the Report and Recommendation (doc. 12) made by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) is **adopted** as the opinion of this Court. It is **ordered** that this action be and hereby is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915(g).

---

[4] The Report and Recommendation correctly concluded that Shoemaker accrued two strikes in the *Elliott* matter, inasmuch as "[a] frivolous complaint … followed by a frivolous appeal leads to two 'strikes' under 28 U.S.C. § 1915(g)." *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997); *see also Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *Hood v. Vessel*, 2013 WL 6502835, *1 (N.D. Fla. Dec. 11, 2013) ("the frivolous appeal of a lower court's dismissal as frivolous counts twice").

DONE and ORDERED this 7th day of August, 2014.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE